Opinion of the court delivered by
Judge Whyte.
In this case the defendant in error obtained judgment in the court below, and the plaintiffs in error, who were defendants below, brought a writ of error to this court, but before the assignment of errors, Sappington died, and his death was suggested at the last term of this court. Sap-pington made no will, and no one has administered on his estate’. It is now moved by Crockett’s counsel that an abatement be entered.
The rule that ought to govern the presenfapplication, must be deduced from the common law and the acts of assembly taken in conjunction. By the common law, where the plaintiff in error, or one of several plaintiffs in error dies before errors assigned, the writ of error abates» Tidd’s Prac. 1096,7. 2 Saund. 101, note 2. 1 Salk. 319. Garth. 404. The act of 1786, ch. 14, sec. 1, says,
*104 “That in future it shall and may be lawful for the heirs, executors, administrators or guardians, to carry on every suit or action in court after the death of either plaintifi or defendant, and may be proceeded on by application in ^ie same manner as appeals are carried on, under an act passed the last session of assembly, entitled “an act for increasing the jurisdiction of the county courts of pleas and quarter sessions, and of the Justices of the Peace out of court, and directing the time of holding the several courts in this Slate.”
The act here referred to has the following provision;
“No appeal in any cause or court whatsoever shall be abated by the death of either plaintiff or defendant, but may be proceeded on by application of the heirs, executors, administrators or assigns of either party.”
The object of the first cited act is, to extend to every suit a quality or privilege which had previously been given only to appeals, by the last cited act, viz; the power of carrying on the suit, after the death of either party, by the representatives of that party, upon application for that purpose, so that such death should not produce an abatement; thereby repealing the common law, so far as it provided for an abatement upon the death of either party. These acts not having specified any time, within which the power of carrying on the suit must be exercised by the representative of the deceased, the provision was incomplete. It could not be intended that the exercise of the power might be claimed at any distance of time, however remote; nor could it be intended to limit the exercise of the power to the first term after the death, for. this, in very many cases, would be impracticable. The experience of three years demonstrated these doubts and difficulties, and produced the act of 1789, ch. 57, sec. 7, which provided,
“That where a term of the superior court of law or the court of equity, or a session of the court of pleas and quarter sessions shall intervene between the death of any plaintiff or defendant, and qualification of the executors of such deceased plaintiff’ or defendant, the intervention *105 of such term or session, shall not work any abatement or discontinuance of such suit; any law or usage to the contrary notwithstanding.”
This act, prohibiting, negatively, the intervention of one term between the death of a party, and the qualification of his executor or administrator, from producing an abatement of the suit, is construed to imply, affirmatively, that the like intervention of two terms will work such an abatement. The result is, that the common law requires an abatement on the death of the party; our acts of 1785 and 1786, give the representative of the deceased, power to carry on the suit without abatement, and the act of 1789 limits the time for the exercise of that power, to the second term after the death of the original party. In this case, Sappington having died before the last term, the intervention of that term would not prevent his representative from carrying on the suit, if application were made at this term, but if there should be no such application, or if there be no legal representative, the abatement is at common law, and the motion that an abatement be entered is regular, upon the authority of Carth. 495. 1 Salk. 264.